Jahan C. Sagafi (Cal. State Bar No. 224887)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:  (415) 638-8800
Facsimile:   (415) 638-8810
Email:         jsagafi@outtengolden.com

Peter Romer-Friedman (*pro hac vice motion forthcoming*)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW,
Second Floor West Suite
Washington, D.C. 20001
Telephone:  (202) 847-4400
Facsimile:   (202) 847-4410
Email:         prf@outtengolden.com

Thomas G. Jarrard (*pro hac vice motion forthcoming*)
LAW OFFICE OF
THOMAS JARRARD PLLC
1020 N. Washington Dt.
Spokane, WA  99201
Telephone:  (425) 239-7290
Facsimile:   (509) 326-2932
Email:         Tjarrard@att.net

Matthew Z. Crotty (*pro hac vice motion forthcoming*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
Telephone:  (509) 850-7011
Email:         matt@crottyandson.com

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED**<br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

Plaintiff Jayson Huntsman, individually and on behalf of all others similarly situated, by and through his attorneys, alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq*., on behalf of a class of current and former pilots employed by Southwest Airlines Co. ("Southwest") who did not receive the

retirement contributions mandated by USERRA for the short term periods in which the Southwest pilots took leave from Southwest to honorably serve in the Armed Forces.

2. Since at least 1994, Southwest has been required by § 4318 of USERRA to make retirement contributions to Southwest pilots for *all* periods in which they engaged in qualified military service and were subsequently reemployed by Southwest. In addition, under USERRA § 4316, Southwest has been required to provide accrued paid sick leave to Southwest pilots who took short term military leave insofar as Southwest provided accrued paid sick leave to similarly situated pilots who took comparable forms of leave.

3. Both in the past and the present, Southwest has not made the proper retirement contributions for pilots who take short term periods of leave from Southwest to serve in the Armed Forces. Nor has Southwest provided accrued paid sick leave to pilots who engaged in short term military leave. Both of these policies or practices violate USERRA.

4. Upon information and belief, prior to and through 2014, Southwest did not provide pilots with *any* retirement contributions for the short term periods in which pilots took military leave (*i.e.*, periods shorter than 30 days), or alternatively made it impossible for pilots to actually make and receive matching retirement contributions for periods of short term military leave. For example, a pilot who was scheduled to fly a specific schedule over a month and dropped scheduled trips over five working days to serve in the Armed Forces would not be given the opportunity to receive any retirement contributions for such a short term period of military leave.

5. Upon information and belief, since 2014 Southwest has prevented Southwest pilots from receiving matching retirement contributions for short term periods of military leave that they are entitled to receive under USERRA by refusing to inform pilots of the amount of contributions that they can make for specific short term periods of military leave and that will, in turn, be matched by Southwest, or by delaying the provision of such information to the Southwest pilots.

6. In addition, Southwest has violated USERRA § 4316(b) by failing to provide its pilots who take short term military leave with any accrued paid sick leave while simultaneously providing pilots who engage in jury duty, union duty, and bereavement leave with accrued paid sick leave. Although these forms of leave are comparable, Southwest has never provided its pilots

CLASS ACTION COMPLAINT - 2

who take short term military leave with accrued paid sick leave.

7. Due to these violations of USERRA, Plaintiff Huntsman and other Southwest pilots who served in the Armed Forces during their employment at Southwest have received considerably smaller retirement contributions and amounts of accrued paid sick leave than they were entitled to receive under USERRA. Southwest has known about these violations of USERRA for years and has received complaints from Southwest pilots, but has not taken sufficient action to rectify the problem. Not only does this underscore the willful nature of Southwest's conduct, but it has forced Plaintiff Huntsman to turn to the federal courts to obtain justice for all of the Southwest pilots who have been harmed by the practices challenged in this action.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under USERRA, a federal law. This Court has subject matter jurisdiction over the USERRA claim pursuant to 38 U.S.C. § 4323(b)(3), which provides the district courts of the United States with jurisdiction over any USERRA action brought against a private employer. Southwest is a private employer because it "pays salary or wages for work performed or that has control over employment opportunities." 38 U.S.C. § 4303(4)(A).

9. Venue is proper in this District under 38 U.S.C. § 4323(c)(2), because Southwest, "the private employer of the person" who has filed this lawsuit, "maintains a place of business" in this District at the Oakland International Airport and the San Francisco International Airport, employing nearly 750 pilots at the Oakland International Airport. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in this action occurred in this District.

## INTRADISTRICT ASSIGNMENT

10. A substantial part of the events or omissions which give rise to the claims occurred in Alameda County and/or adjacent counties in the San Francisco/Oakland Division, and therefore this action is properly assigned to the San Francisco/Oakland Division pursuant to Local Rule 3-2(c),(d).

CLASS ACTION COMPLAINT - 3

## THE PARTIES

11. Plaintiff Jayson Huntsman is and has been employed as a pilot by Southwest since February 2012. Huntsman serves as a First Officer flying 737 passenger airplanes for Southwest. The vast majority of Huntsman's flights originate in the Oakland International Airport, which is located in this District. Following more than 12 years of active duty service in the Air Force, Huntsman joined the Air Force Reserves in 2012. Since the time that Huntsman began working for Southwest in February 2012, Huntsman has routinely taken short term military leave to serve in the Air Force Reserves. Huntsman resides in Sacramento, California.

12. Southwest Airlines Co. is a publicly traded company and, according to Southwest's 2016 annual report, as of June 30, 2016, Southwest was the largest domestic air carrier in the United States, as measured by the number of domestic originating passengers boarded. Southwest currently employs more than 8,800 pilots, and a substantial percentage of those pilots currently serve or have served in the United States Armed Forces during their employment with Southwest. Southwest is an employer within the meaning of 38 U.S.C. § 4303(4)(A).

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following persons:

> All current and former pilots of Southwest Airlines Co. (Southwest) or any subsidiary, joint venture, or division of Southwest who since January 1, 2001 (A) took leave from their employment at Southwest to engage in qualified military service for a period of fewer than 30 days, and (B) (1) were eligible to receive retirement contributions under USERRA, 38 U.S.C. § 4318, for such a period of qualified military service, or (2) were not credited with paid sick leave for such a period of qualified military service, and the beneficiaries of all such persons.

Excluded from the Class are the following persons: (a) all former or current individuals who previously reached settlements with or judgments against Southwest resolving or releasing any claims arising during the Class Period under USERRA related to inadequate pension contributions for short term periods of military leave and the failure to provide accrued paid sick leave during short term periods of military leave; and (b) any person who served as a fiduciary of the Plan and their beneficiaries under the Plans and any member of the immediate family of, and any heirs,

successors or assigns of any such person.

**Impracticability of Joinder**

14. The class is so numerous that joinder of all members is impracticable. According to Southwest's 2016 annual report, Southwest had 7,900 pilots in 2016. Upon information and belief, at least hundreds and likely over 1,000 former and current Southwest pilots are members of the proposed Class.

15. Southwest employs thousands of pilots, including members of the proposed Class, throughout the United States. Upon information and belief, the members of the Class are geographically dispersed.

**Commonality**

16. The central question in this case concern whether the Southwest pilots' federal statutory rights under USERRA were violated by Southwest when Southwest failed to make the proper amount of retirement contributions to the Southwest pilots and to provide accrued paid sick leave for periods of short term military leave.

17. As Southwest adopted and applied a uniform policy or practice for calculating and making retirement contributions owed under USERRA with respect to the military leave of Southwest pilots, and for failing to provide accrued paid sick leave for periods of short term military leave, the answers to these questions will produce common answers for all members of the proposed Class.

18. Plaintiff's claims raise subsidiary common questions that will also have common answers for each Class Member, including, but not limited to, the following:

    (a) Whether Southwest failed to make retirement contributions for short term periods of military leave that Southwest pilots took prior to and through 2014, in violation of USERRA § 4318?

    (b) Whether Southwest prevented Southwest pilots from receiving retirement contributions for short term periods of military leave since 2014 in violation of USERRA § 4318?

    (c) Whether Southwest failed to provide accrued paid sick leave to pilots who took

short term military leave in violation of USERRA § 4316?

(d) Whether Southwest's violations of USERRA were willful, making it appropriate to award liquidated damages under USERRA?

(e) What, if any, other relief should be granted?

19. Because the retirement contributions and failure to pay accrued paid sick leave for periods of the Southwest pilots' qualified military service were based on uniform policies or practices, and any recovery can be paid into the Southwest pilots' individual retirement accounts, or deposited into the sick leave banks of the pilots, or paid directly to the pilots, all issues regarding relief are common.

20. Even if the ultimate allocation of recovery into the Southwest pilots' individual retirement accounts or their sick leave banks is considered, the unifying issues concerning the policies are the failure to make the proper retirement contributions required by USERRA § 4318 and the failure to provide accrued paid sick leave in violation of USERRA § 4316. As Southwest acted in a systematic manner with respect to the Class Members, all members of the Class suffered the same type of injuries based on two discrete policies, and resolving the claims of the Class will be based on common legal and factual questions.

**Typicality**

21. Plaintiff's claims are typical of the other members of the proposed Class. Plaintiff challenges two discrete policies by which Southwest made retirement contributions for short term periods of the Southwest pilots' qualified military service in violation of USERRA and failed to provide accrued paid sick leave in violation of USERRA.

22. The relief sought consists primarily of: (1) a declaration establishing that Southwest violated USERRA; (2) an order requiring Southwest to recalculate the retirement contributions owed to members of the Class and provide accrued paid sick leave to the Class; and (3) an order that the restored losses and accrued paid sick leave be allocated into the individual retirement accounts of the members of the Class or be provided to the Class Members.

**Adequacy**

23. Plaintiff will fairly and adequately protect the interests of other members of the Class. Plaintiff is aware of no conflict with any other member of the Class. Plaintiff understands his obligations as a class representative, has already undertaken steps to fulfill them, and is prepared to continue to fulfill his duties as class representative.

24. Southwest has no unique defenses against the Plaintiff that would interfere with Plaintiff's representation of the Class.

25. Plaintiff's counsel are experienced in federal court class action litigation, including civil rights and employee benefits litigation, and have considerable experience and expertise in the area of USERRA.

**Rule 23(b)(1)**

26. This action is properly maintainable as a class action under Rule 23(b)(1) of the Federal Rules of Civil Procedure, because the central questions in this litigation are whether Southwest violated USERRA in connection with calculating and making retirement contributions to the Southwest pilots for short term periods of qualified military service and in failing to provide accrued paid sick leave for periods of short term military leave.

27. Administration of a pension plan requires that all similarly situated participants be treated consistently. As a practical matter, resolution of whether the appropriate amount of contributions were made to any participant's account using the policy applied here would be dispositive of that matter for other members of the Class. Likewise, conflicting interpretations as to the manner by which the amount should have been calculated and contributed or credited to the individual accounts of similarly situated participants would create the risk of establishing inconsistent standards of conduct for the Plan, its administrator, and any subsequently-appointed independent fiduciary.

**Rule 23(b)(2)**

28. This action is also properly maintainable as a class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. Southwest is alleged to have violated USERRA in a manner as to all members of the Class. As such, Southwest has acted or refused to act on grounds that apply generally to the Class. As a result, final declaratory relief is appropriate respecting the Class as a whole.

29. The monetary relief that Plaintiff seeks either flows from and/or is incidental to the declaratory relief sought, as it flows directly from the ordering of such declaratory relief and can be calculated in a simple, objective, and mechanical manner.

**Rule 23(b)(3)**

30. This action is also properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. The questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

32. By resolving the common issues described above in a single class proceeding, each member of the proposed Class will receive a determination of whether Southwest violated USERRA, and will receive the remedy that should be provided under USERRA.

33. Upon information and belief, there is no other pending litigation that has raised similar allegations with respect to Southwest.

34. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and, as a result of Southwest's significant operations and large number of employees in this District, a substantial part of the Class likely earned their retirement contributions in this District, and at least a portion of the Class likely resides in this District.

35. There are no difficulties in managing this case as a class action.

# FACTUAL ALLEGATIONS

## The Pension and Retirement Rights Mandated by USERRA

36. Since 2001, Southwest has employed hundreds to thousands of pilots who have served their country in the United States Armed Forces during their employment with Southwest.

37. When these Southwest pilots take military leave to serve in the Armed Forces, federal law requires Southwest to treat these employees as if they never took leave from their civilian jobs at Southwest. For example, USERRA requires Southwest to reemploy Southwest pilots who take military leave, and restore the rights and benefits related to the employees' positions. 38 U.S.C. §§ 4312, 4316.

38. In addition, USERRA mandates that for the purpose of retirement benefits an employee who returns to his job after serving in the military must be treated as if he or she never took a day off from his or her civilian job. 38 U.S.C. § 4318.

39. The retirement benefits of servicemembers have been protected for decades, because Congress has understood that a servicemember's retirement security should not be compromised simply because he or she answers the call to duty—no more than a servicemember should lose his or her civilian job due to serving in the Armed Forces. These rights are central to a statutory scheme that the U.S. Supreme Court has said constitutes the "mechanism for manning the Armed Forces of the United States." *Alabama Power Co. v. Davis*, 431 U.S. 581, 583 (1977).

40. As an employer within the meaning of USERRA, Southwest has been required to comply with USERRA and ensure that Southwest pilots receive the retirement contributions mandated by 38 U.S.C. § 4318.

41. Pursuant to 38 U.S.C. § 4318(a)(1)(A), Southwest and the Plans have been required to comply with USERRA § 4318(a)(2), which provides as follows:

> (A) A person reemployed under this chapter shall be treated as not having incurred a break in service with the employer or employers maintaining the plan by reason of such person's period or periods of service in the uniformed services.
>
> (B) Each period served by a person in the uniformed services shall, upon reemployment under this chapter, be deemed to constitute service with the employer or employers maintaining the plan for the purpose of determining the nonforfeitability of the person's accrued benefits and for the purpose of determining the accrual of benefits under the plan.

CLASS ACTION COMPLAINT - 9

42. For each period of military service, USERRA § 4318(b)(1) provides that the employer is "liable to an employee pension benefit plan for funding any obligation of the plan to provide the benefits described in subsection (a)(2) [of § 4318] and shall allocate the amount of any employer contribution for the person in the same manner and to the same extent the allocation occurs for other employees during the period of service."

43. Southwest is an employer under USERRA because it "pays salary or wages for work performed or that has control over employment opportunities." 38 U.S.C. § 4303(4)(a).

44. To "comput[e] an employer's liability" to make retirement contributions under § 4318(b)(1), USERRA § 4318(b)(3) provides that "the employee's compensation during the period of service described in subsection (a)(2)(B) shall be computed":

> (A) at the rate the employee would have received but for the period of service described in subsection (a)(2)(B), or (B) in the case that the determination of such rate is not reasonably certain, on the basis of the employee's average rate of compensation during the 12-month period immediately preceding such period (or, if shorter, the period of employment immediately preceding such period).

45. Under this rule, an employee whose compensation during a period of military leave is reasonably certain is entitled to receive retirement contributions based on the rate of compensation that the employee would have received but for that period of military service, or, if the employee's compensation is not reasonably certain, based on the 12-month average compensation prior to the period of military service.

46. Under USERRA, when a retirement plan requires the employee to make a retirement contribution before the employer will match that contribution or a portion of the employee's contribution, the employee is required to make a "make-up" USERRA contribution before the employer is required to make its own "make-up" contribution to the employee's retirement account. 38 U.S.C. § 4318(b)(2).

47. For many years, Southwest has maintained a defined contribution retirement plan for its pilots, the Southwest Airlines Pilots Retirement Savings Plan ("the Plan"). Since January 1, 2017, under the Plan each pilot is entitled to receive a non-elective contribution that is allocated to the pilot, regardless of whether the pilot made salary reduction contributions during the plan year (13.4% in 2017, 14.2% in 2018, and 15.0% in 2019 and following years). However, prior to

CLASS ACTION COMPLAINT - 10

January 1, 2017, Southwest only made a matching contribution for each pilot based on a portion of the pilot's compensation that the pilot contributed to the Plan, such as 9.3% of the pilot's compensation in 2016.

48.     Southwest has stated in its Summary Plan Descriptions ("SPD") of the Plan that it will count qualified military service towards the compensation that determines the amount of retirement contributions that will be made by the company (on or after January 1, 2017), or that can be made by the pilot and matched by Southwest (prior to January 1, 2017).  However, the SPD and related Plan Documents have not identified the formula that Southwest uses to calculate the "deemed" compensation that will be used for periods of qualified military service.  Nor have the SPD or related Plan Documents identified any process or method by which Southwest would inform pilots about the amount of retirement contributions that they could make and which Southwest would match for short term periods of military leave prior to January 1, 2017.

49.     Under Southwest's Plan, pilots who engage in military service and satisfy USERRA's reemployment requirements are supposed to be able to make up any missed contributions to their retirement accounts during periods of military leave (even though Southwest has not paid the pilot for that period of time) and have Southwest make a matching contribution to the pilots' accounts.  For example, if a pilot takes military leave for a year and his or her "deemed" compensation for that year is $100,000, then in 2016 the pilot was supposed to be able to contribute up to a 9.3% of that $100,000 of deemed compensation into his defined contribution account, and Southwest would then make a matching 9.3% contribution ($9,300) into the pilot's account.  This make-up contribution procedure is mandated by USERRA.  38 U.S.C. § 4318(b)(2).

**Southwest Violated the Retirement Provisions of USERRA**

50.     For many years, Southwest has failed to satisfy its obligations under USERRA § 4318 with respect to pilots who take short term military leave.

51.     For pilots' periods of short term leave (fewer than 30 days), Southwest was obligated to make retirement contributions under § 4318.  However, upon information and belief, prior to and through 2014, Southwest did not provide pilots with *any* retirement contributions for the short term periods in which pilots took military leave—or in the alternative, Southwest failed

to inform Southwest pilots about the amount of retirement contributions that they could make and Southwest would match for the periods of short term military leave, effectively eliminating the ability of pilots to receive matching contributions for such periods of leave.  As a result, the pilots who took such short term military leave did not have the opportunity to make employee contributions for such periods of short term leave and have those contributions matched by Southwest.  Similarly, during and after 2014, Southwest failed to provide Plaintiff and members of the Class with information about the amount of retirement contributions that they could make and Southwest would match for the periods of short term military leave, denying them the ability to make and have matched by Southwest the appropriate amount of retirement contributions for periods of short term military leave.

52.     By denying pilots the appropriate amount of retirement contributions for periods of short term military leave, Southwest violated USERRA § 4318.

53.     For Southwest pilots like Plaintiff Huntsman and other members of the proposed Class who regularly took short term military leave, Southwest's violations of USERRA § 4318 caused the pilots to receive lower amounts of USERRA retirement contributions than the amounts that were required by USERRA § 4318.

54.     In the case of Plaintiff Huntsman, despite his multiple requests, he was not provided with any information by Southwest about the amount of retirement contributions that he could make (and that Southwest would match) for any short term periods of military leave from 2012 to present.  From 2012 to present, Plaintiff Huntsman has taken dozens of periods of short term military leave, most of which were between one and six days.

55.     On multiple occasions during and/or after 2016, Plaintiff Huntsman has communicated with the principal official at Southwest who is responsible for USERRA retirement-related issues and asked the official to provide Plaintiff Huntsman with information on the amount of retirement contributions that he could make and Southwest would match for periods of short term military leave.  Plaintiff Huntsman was told by the official that Southwest has no process or procedure for informing him and other Southwest pilots on the amounts of retirement contributions that they could make and Southwest would match for periods of short term military

leave. As a result, Plaintiff Huntsman and other members of the Class have routinely been unable to receive matching retirement contributions for periods of short term military leave that they have taken.

**Southwest Failed to Provide Southwest Pilots with Accrued Sick Leave During Periods of Military Leave in Violation of USERRA**

56. Ordinarily, when Southwest pilots are working they accrue paid sick leave that they can use in the future.

57. Prior to the filing of this Complaint, Southwest has never provided Southwest pilots with any accrued sick leave during the periods in which they engage in military leave, including periods of short term military leave.

58. During the same period, however, Southwest provided similarly situated Southwest pilots with accrued sick leave for other comparable forms of leave, including employees on jury duty and duty with the pilots' union, as well as employees on bereavement leave.

59. USERRA § 4316(b) provides in relevant part that "a person who is absent from a position of employment by reason of service in the uniformed services shall be"

(A) deemed to be on furlough or leave of absence while performing such service; and

(B) entitled to such other rights and benefits not determined by seniority as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service.

60. Accordingly, if an employer provides non-seniority rights and benefits to similarly situated employees, USERRA § 4316 requires the employer to provide the same rights and benefits to employees *during* their military leave. *See id.*; 20 C.F.R. § 1002.150(a). As the USERRA regulations state, the "most significant factor to compare" two types of leave to determine if they are a "comparable form of leave" is "the duration of the leave." 20 C.F.R. § 1002.150(a). In addition, "other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered." *Id.*

61. For Southwest pilots, the duration of jury duty, union duty, and short term military leave is comparable. They can routinely last days to weeks, but usually do not last more than a month. Moreover, with respect to both jury duty and military duty, the employee usually has no choice over whether to take leave from work to engage in such duty. Finally, with respect to jury duty and military duty, the purpose of the leave is to serve our government and to engage in public service for the benefit of our society. Likewise, the purpose of union duty is to engage in service for the good of fellow members of the community—the working men and women of Southwest and Southwest itself.

62. Southwest's policy of refusing to provide accrued paid sick leave to Southwest pilots who engage in short term military leave violates USERRA § 4316, because Southwest denies pilots a non-seniority benefit that Southwest provides to similarly situated employees who are on furlough or leave of absence. 38 U.S.C. § 4316.

63. This policy has adversely impacted the amount of accrued paid sick leave that Southwest pilots receive when they engage in short term military leave compared to pilots who receive accrued paid sick leave when they engage in jury duty, union duty, or bereavement leave.

**COUNT I**

**(Violation of USERRA, 38 U.S.C. § 4318)**

64. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

65. USERRA, 38 U.S.C. § 4318(a)(2)(B), provides that an employee's service in the uniformed service will be deemed to constitute service with the employer for purposes of determining the accrual of benefits under the retirement plan. This rule applies to the defined contribution plan that Southwest has maintained for its pilots in which Southwest would match retirement contributions that its pilots would make into the plan prior to 2017.

66. Pursuant to USERRA, 38 U.S.C. § 4318(b)(1), an employer reemploying a person after a period of service in the uniformed services is liable to the employee benefit pension plan for funding any obligation of the plan to provide benefits, including those accrued under USERRA § 4318(a)(2)(B). An employer must also make a contribution to a pension or retirement plan

where the employer's contribution is "contingent on" the employee first making a contribution. 38 U.S.C. § 4318(b)(2).

67. As described in detail above, prior to and after 2014 Southwest violated USERRA § 4318 by not counting periods of short term military leave towards the compensation that it used to determine retirement contributions for periods of short term military leave, and/or by refusing to provide pilots with information that was necessary for them to know the amount of retirement contributions that they could make and Southwest would match. Accordingly, Southwest denied those pilots the retirement contributions they otherwise would have received under USERRA.

68. Because Southwest applied its policy in violation of USERRA, Plaintiff and the Class received retirement contributions in their defined contribution accounts that were smaller than what they would have received had Southwest complied with USERRA. Southwest's violations of USERRA § 4318 was willful and in reckless disregard of the law. Accordingly, Southwest should be required to pay liquidated damages to former and current Southwest pilots whose retirement contributions were reduced due to Southwest's violations of USERRA. 38 U.S.C. § 4323(d)(1)(C).

## COUNT II

**(Violation of USERRA, 38 U.S.C. § 4316)**

69. Plaintiff incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

70. USERRA requires Southwest to provide its pilots who take military leave with the same non-seniority rights and benefits that it provides to similarly situated pilots who are on furlough or leave of absence. 38 U.S.C. § 4316(b); 20 C.F.R. §§ 1002.149, 1002.150(a).

71. As described above, Southwest has violated USERRA § 4316(b) by failing to provide its pilots who take short term military leave with any accrued paid sick leave while simultaneously providing accrued paid sick leave to pilots who engage in jury duty, union duty, and bereavement leave or other comparable types of leave. These types of leave are comparable in terms of duration, purpose, and the ability of the employee to determine whether to take the leave. Accordingly, Southwest was required by USERRA § 4316(b) to provide accrued paid sick

leave to Southwest pilots who took short term military leave, but failed to do so in violation of federal law.

### COUNT III

### (Violation of USERRA, 38 U.S.C. § 4323)

72. USERRA provides that employees may receive liquidated damages in the event that the trier of fact determines that the defendant willfully violated the statute. 38 U.S.C. § 4323(d)(1)(C).

73. In this instance Plaintiff Huntsman and the pilots' union, *inter alia*, repeatedly informed Southwest's management and principal decision makers that its actions regarding the company's retirement and sick leave policies did not comply with USERRA.

74. Moreover, Southwest was on notice of USERRA's requirements as Southwest, like all other employers in America, is required to post the statutorily-mandated workplace poster that informs both workers and management of USERRA's rights and responsibilities.

75. As described above, Southwest's violations of USERRA § 4318 and USERRA § 4316 were willful and occurred in reckless disregard for the law.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant on all claims and respectfully requests that this Court award the following relief:

A. Declare that Defendant's policy with respect to the formula by which any retirement contributions related to Plaintiff and the proposed Class Members' short term periods of military leave were calculated by Southwest violated the rights of Plaintiff and the Class under USERRA and declare that Defendant's failure to provide accrued paid sick leave to pilots who took short term military leave violated the rights of Plaintiff and the Class under USERRA.

B. Declare that Plaintiff and the Class were and are entitled under USERRA to receive contributions to their defined contribution retirement accounts in an amount that is consistent with USERRA § 4318 and that they are entitled to receive accrued paid sick leave in the amount that is consistent with USERRA § 4316;

C. Require Defendant to fully compensate Plaintiff and the Class for the loss of

benefits suffered by reason of its failure to comply with the provisions of USERRA by awarding an amount that fully compensates Plaintiff and the Class for Defendant's failure to make these retirement contributions and accrued paid sick leave when originally due, including any lost earnings on the unmade contributions or accrued paid sick leave and/or awarding Plaintiff and the Class prejudgment interest on the amount of contributions or accrued paid sick leave that were required to be made under USERRA but which Defendant failed to make (whichever amount is greater);

   D. Order Defendant to comply with USERRA, 38 U.S.C. § 4318 and § 4316;

   E. Order the Defendant to pay all members of the Class liquidated damages in an amount to be determined at trial.  38 U.S.C. § 4323(d)(1)(C);

   F. Require Defendant to pay attorneys' fees and costs pursuant to 38 U.S.C. § 4323(h), and/or this Court's inherent equitable authority and powers, and ordering the payment of reasonable attorneys' fees and expenses of this action to Plaintiff's counsel on the basis of the common benefit and/or common fund doctrine (or other applicable law) out of any money or benefit recovered for the Class or the Plans in this Action.

   G. Grant such other and further relief as the Court deems proper, appropriate, just and/or equitable including, without limitation, allowing for any adverse tax consequence multiplier to be applied to any jury award.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: July 14, 2017        Respectfully submitted,

                By: /s/ Jahan C. Sagafi

Jahan C. Sagafi (Cal. State Bar No. 224887) Peter Romer-Friedman (*pro hac vice motion forthcoming*)
OUTTEN & GOLDEN LLP      OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor   601 Massachusetts Avenue NW,
San Francisco, California 94111     Second Floor West Suite
Telephone: (415) 638-8800      Washington, D.C. 20001
Facsimile: (415) 638-8810      Telephone: (202) 847-4400
Email: jsagafi@outtengolden.com   Facsimile: (202) 847-4410
                Email: prf@outtengolden.com

| | |
|---|---|
| 1 | Thomas G. Jarrard (*pro hac vice motion forthcoming*) |
| | LAW OFFICE OF THOMAS JARRARD PLLC |
| | 1020 N. Washington Dt. |
| | Spokane, WA  99201 |
| | Telephone:   (425) 239-7290 |
| | Facsimile:    (509) 326-2932 |
| | Email:          Tjarrard@att.net |

Matthew Z. Crotty (*pro hac vice motion forthcoming*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Ave, Suite 409
Spokane, WA 99201
Telephone:   (509) 850-7011
Email:          matt@crottyandson.com

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT - 18