Peter Romer-Friedman (pro hac vice)
OUTTEN & GOLDEN LLP
601 Massachusetts Avenue NW,
Second Floor West Suite
Washington, D.C. 20001
Telephone:    (202) 847-4400
Facsimile:    (202) 847-4410
Email:        prf@outtengolden.com

Jahan C. Sagafi (Cal. Bar No. 224887)
Rachel W. Dempsey (Cal. Bar No. 310424)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810
Email:        jsagafi@outtengolden.com
Email:        rdempsey@outtengolden.com

Thomas G. Jarrard (*pro hac vice*)
LAW OFFICE OF THOMAS JARRARD
PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone:  (425) 239-7290
Facsimile:  (509) 326-2932
Email:        Tjarrard@att.net

Matthew Z. Crotty (*pro hac vice*)
CROTTY & SON LAW FIRM, PLLC
905 W. Riverside Avenue, Suite 404
Spokane, WA 99201
Telephone:  (509) 850-7011
Email:        matt@crottyandson.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES, CO.<br><br>Defendants. | Case No. 3:17-cv-03972<br><br>**[PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF SETTLEMENT** |

On November 8, 2018, a hearing was held on the motion of Plaintiff Jayson Huntsman ("Plaintiff") for an order to: (1) conditionally certify the settlement class; (2) preliminarily approve the parties' proposed class action settlement ("Settlement"); (3) appoint Plaintiff as the Class Representative, his counsel as Class Counsel, and Settlement Services, Inc. as Settlement Administrator; (4) set the deadlines for filing Claim Forms, written exclusions, or objections to the Settlement; (5) approve the Claim Form and notice to the class of the Settlement; and (6) schedule a hearing on the final approval of the Settlement.  Romer-Friedman, Jahan Sagafi, and Rachel Williams Dempsey appeared for Plaintiff.  Brian Berry appeared for Defendant Southwest Airlines Co. ("Southwest").

Having considered the papers on the motion, the arguments of counsel, and the law, the Court now enters this Preliminary Approval Order and orders as follows:

## I.    NATURE OF ACTION

Plaintiff alleges that Southwest violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4316, 4318, by failing to: (i) make the proper matching contributions to pilots' retirement accounts based on Deemed Earnings during periods of Short-Term Military Leave from their employment at Southwest; (ii) facilitate pilots' opportunity to make retirement contributions that could be matched during periods of Short-Term Military Leave; and (iii) provide for the accrual of Sick Leave during pilots' periods of Short-Term Military Leave.  Short-Term Military Leave is defined as leave lasting 14 or fewer consecutive days.  Deemed Earnings are the amount of earnings that Southwest pilots would have earned if they had not taken Short-Term Military Leave.

Southwest disputes and denies all of Plaintiff's claims.  Southwest contends that it has fully complied with all applicable laws at issue in this matter.

## II.    CONDITIONAL CERTIFICATION OF RULE 23 SETTLEMENT CLASS

### A.    Rule 23 Settlement Class

For settlement purposes only, the Parties have proposed conditional certification of a Settlement Class of all former or current pilots employed by Southwest who took Short-Term Military Leave from Southwest between January 1, 2001 and the Preliminary Approval Date.

B.      **Conditional Rule 23 Certification**

The Court hereby finds and concludes that for purposes of the Settlement only, the Settlement Class satisfies all of the requirements for certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

1.      The Settlement Class is sufficiently numerous that joinder is impracticable, as the Settlement Class has at least 1,500 members.

2.      The members of the Settlement Class share common issues of fact and law regarding whether Southwest had uniform practices of denying pilots accrued sick leave for Short-Term Military Leave, failing to match retirement contributions based on their deemed earnings, and denying pilots information on deemed earnings, and whether these practices violate USERRA.

3.      The Class Representative's claims are typical of those of the Class he proposes to represent, because they arise out of the same policies and practices and course of conduct that all Class Members challenge in this action.

4.      The Class Representative is an adequate representative of the Class he proposes to represent, because his interests are co-extensive with those of the Class Members, and he has retained experienced counsel to represent himself and the Class Members.

5.      Questions of law or fact common to the Class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.      Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Settlement Class under Rule 23(a) and (b)(3).

III.    **APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL**

A.      **Class Representatives**

The Court finds and concludes that the Plaintiff Jayson Huntsman has claims that are typical of the members of the Class he proposes to represent, and he is an adequate representative

1    of the Class he seeks to represent.  The Court hereby appoints Plaintiff Jayson Huntsman to serve

2    as Class Representative.

3       **B.    Class Counsel**

4       The Court finds and concludes that Outten & Golden LLP, the Law Office of Thomas

5    Jarrard, PLLC, and the Crotty & Son Law Firm, PLLC, have extensive experience and expertise

6    in prosecuting USERRA class actions and other types of class actions.  The Court appoints

7    Outten & Golden LLP, the Law Office of Thomas Jarrard, PLLC, and the Crotty & Son Law

8    Firm, PLLC, as Class Counsel, and the Court appoints Outten & Golden LLP as Lead Class

9    Counsel.

10   **IV.    PRELIMINARY APPROVAL OF SETTLEMENT**

11      The Court has reviewed the terms of the Settlement, including the Plan of Allocation and

12   the release of claims.  The Court has also read and considered the declarations of Peter Romer-

13   Friedman, Thomas Jarrard, and Matthew Crotty in support of the Preliminary Approval Motion.

14   Based on review of those papers and the Court's familiarity with this case, the Court finds and

15   concludes that the Settlement is the result of arm's-length negotiations between the Parties

16   conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar

17   with their strengths and weaknesses.  The assistance of an experienced mediator in the settlement

18   process supports the finding that the Settlement is non-collusive.  Based on all of these factors,

19   the Court concludes that the proposed Settlement meets the criteria for preliminary settlement

20   approval.  The Settlement has no obvious defects and falls within the range of possible approval

21   as fair, adequate, and reasonable, such that notice to the Class Members is appropriate.

22   Accordingly, the Settlement is hereby preliminarily approved.

23   **V.    APPROVAL OF THE NOTICE PLAN**

24      The Parties have also submitted for this Court's approval a proposed class notice.  After

25   carefully reviewing this document, the Court finds and concludes as follows:

26      **A.    Best Notice Practicable**

27      The Class Notice is the best notice practicable under the circumstances and allows Class

28   Members a full and fair opportunity to consider the Settlement.

1   The Class Notice, based on the model forms supplied by the Federal Judicial Center,

2   fairly, plainly, accurately, and reasonably informs Class Members of appropriate information

3   about: (1) the nature of this action, the definition of the Class, the identity of Class Counsel, and

4   the essential terms of the Settlement, including the Plan of Allocation; (2) Plaintiff's forthcoming

5   application for the Class Representative's Service Award and Class Counsel's Attorneys' Fees

6   and Costs Award; (3) how Class Members' settlement shares will be calculated; (4) this Court's

7   procedures for final approval of the Settlement, and about Class Members' right to appear

8   through counsel if they desire; (5) how to submit a claim form, comment on or opt out of the

9   Settlement, if a Class Member wishes to do so; and (6) how to obtain additional information

10  regarding this action and the Settlement.

11  The proposed plan for distributing the Class Notice likewise is a reasonable method

12  calculated to reach all individuals who would be bound by the Settlement.  Under this plan, the

13  Settlement Administrator will distribute the Class Notice to all Class Members who took Short-

14  Term Military Leave between January 1, 2008 and the date of preliminary approval, by first-class

15  mail and e-mail to their last known mailing and, if available, e-mail addresses.  In addition, the

16  Settlement Administrator will distribute the Class Notice to hundreds of additional potential Class

17  Members by first-class mail and e-mail to their last known mailing and, if available, e-mail

18  addresses: all pilots who were employed at Southwest between January 1, 2001 and December

19  31, 2007 and had a military status during at least part of their employment with Southwest.  In

20  addition, information about the Settlement will be published on a web site that the Settlement

21  Administrator will establish.  There is no additional method of distribution that is cost-effective

22  and would be reasonably likely to notify Class Members who may not receive notice pursuant to

23  the proposed distribution plan.

24  **B.  CAFA Notice of Proposed Settlement**

25  Within ten (10) days after Plaintiff's Preliminary Approval Motion was filed, notice of the

26  Settlement was mailed to the Attorney General of the United States of America and the

27  appropriate state official in California and all the other states in which a Class Member is known

28  by Southwest to reside. The notice contains the documents required by 28 U.S.C. § 1715(b)(1)-

(8).  On this basis, the notice of the Settlement is approved and the Court finds that Southwest has

discharged its obligations under CAFA to provide notice to the appropriate federal and state

officials.

### C.   **Approval**

Accordingly, the Court finds and concludes that the proposed plan for distributing the

Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule

23(e), and satisfies all other legal and due process requirements.  Accordingly, the Court hereby

orders as follows:

1. The Class Notice, Claim Form, and Notice Envelope are approved.

2. The manner of distributing the Class Notice to the Class Members is approved.

3. Promptly following the entry of this order, the Settlement Administrator will

prepare final versions of the Class Notice, incorporating into them the relevant dates and

deadlines set forth in this order.

4. Within ten (10) business days following entry of this order, Southwest will provide

the Settlement Administrator with a database in a format reasonably acceptable to the Settlement

Administrator ("Settlement Class List"), that lists, for each known Class Member who took Short-

Term Military Leave from January 1, 2008 to the date of preliminary approval and each

Southwest pilot who had a military status and was employed by Southwest from January 1, 2001

to December 31, 2007, to the extent they are reasonably available in Southwest's databases: (1) a

street mailing address; (2) telephone number(s); (3) Southwest and personal e-mail address(es),

including email accounts provided by Southwest; and (4) Social Security number.  Within ten

(10) business days following the deadline for Class Members to submit Claim Forms, Southwest

will provide the Settlement Administrator with a database in a format reasonably acceptable to

the Settlement Administrator that lists, for each known Class Member, (1) the dates of known

days with dropped trips for Short-Term Military Leave; and (2) the average annual rate of pay for

each Class Member from 2001 to 2013.

5.    The Settlement Administrator will perform one skip-trace and remailing on returned mail and re-mail the Notice to an updated address (if any) as soon as possible upon return of the undeliverable Notice.

6.    Plaintiff will file with the motion for final approval a declaration from the Settlement Administrator of due diligence and proof of mailing with regard to the mailing of the Notice, and Plaintiff will file prior to the hearing on the motion a supplemental declaration from the Settlement Administrator as applicable.

7.    The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement.

## VI.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement (the "Final Approval Hearing") for **June 20, 2019**, at **10:00 a.m.**  The date of the hearing may be changed without further notice to the Class.  However, Plaintiff is responsible for promptly updating the case web site with information about any such change.

### B.    Deadline to Submit Claim Form

All Class Members who wish to submit Claim Forms must do so within one hundred twenty (120) calendar days from the date of the mailing of the Notice.  Submissions may be filed by online web site submission.

### C.    Deadline to Opt Out of the Settlement

#### 1.    Form of Opt-Out Request

Any Class Member may opt out of participating in the Settlement by submitting a signed letter to the Settlement Administrator stating that he or she wishes to be excluded from the Settlement.  The letter must include the Class Member's name, address, telephone number, and signature.

#### 2.    Deadline for Submitting Opt-Out Request

A completed opt-out request will be deemed timely submitted to the Settlement Administrator if it is mailed to the Settlement Administrator by first-class mail and postmarked

by not later than the opt-out date set by the Court.  Pursuant to Rule 23(b)(3) and (c)(2) of the Federal Rules of Civil Procedure, the Settlement will have no binding effect on any Class Member who properly opts out of the Settlement in the manner required by this Order.

### D. <u>Southwest's Right to Withdraw from the Settlement</u>

If fifty (50) or more of the eligible Class Members validly opt out pursuant to the process set forth herein, Southwest will have the right to withdraw from the Settlement and resume the litigation.

### E. <u>Deadline for Filing Comments on or Objections to Settlement</u>

Any Class Member who wishes to comment on or object to the fairness, reasonableness, or adequacy of the Settlement must do so in writing.  Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing, in person or through counsel, but only if they (a) have given written notice of their intent to appear at the hearing as provided in the Notice, or (b) can show good cause why they could not provide such notice.  To be considered, any comment on or objection to the final approval of the Settlement must (a) clearly identify the person's name, address, telephone number, signature, and the case name and number (*Huntsman v. Southwest Airlines Co.*, Case No. 17 Civ. 3972), (b) be submitted to the Court either by mailing the comment or objection to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked within the deadline set by the Court.  Any Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown.  The Court will only require substantial compliance with the requirements for submitting an objection.

### F.     <u>Deadline for Mailing and Cashing Settlement Share Checks</u>

No later than seven (7) calendar days after the Effective Date of the Settlement, Southwest will deposit the Cash Settlement Amount in to an Escrow Account established and managed by the Settlement Administrator. The Cash Settlement Amount plus any interest on the Cash Settlement Amount while in escrow will constitute the Settlement Fund.  Class Members shall have one hundred and eighty (180) days to cash their checks for any Cash Amounts received. Any amount remaining unclaimed after that point shall be provided to a cy pres entity agreed upon by the parties.  Thirty (30) days before the one hundred and eighty (180) days have expired, the Settlement Administrator will mail a postcard to any Class Member who has not yet cashed his or her check reminding the person to cash his or her check within the 180-day period.

## VII.     PLAINTIFF'S AND CLASS MEMBERS' RELEASE

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiff and every Class Member who does not opt out will, pursuant to the Settlement, be adjudicated to have granted the "Release of Claims" as set forth in Section XIV of the Settlement and the Class Notice.

## VIII.     APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Settlement Services, Inc. is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

## IX.     <u>SCHEDULING ORDER</u>

The following schedule sets the sequence for the relevant dates and deadlines:

| Event | Date |
|---|---|
| Preliminary Approval ("PA") Hearing | November 8, 2018 |
| Entry of PA Order | December 5, 2018 |
| Notice disseminated by Settlement Administrator | 30 Days After PA |
| Reminder notices | 60 Days After PA |
| Fee and Service Award motions due | 115 Days After PA |
| Deadline for Class Members to submit requests for exclusion and/or objections | 150 Days After PA |
| Deadline for Class Members to submit Claim Forms | 150 Days After PA |

| Event | Date |
|-------|------|
| Deadline for Southwest to provide required employment information to Settlement Administrator | 164 Days After PA |
| Final Approval motion due | 35 Days Before FA Hearing |
| Final approval, Service Award fee reply briefs | 14 Days Before FA Hearing |
| Final Approval ("FA") Hearing | **June 20, 2019, at 10:00 a.m.** |
| Effective Date (assuming no appeals) | 31 Days After Final Approval Order |

IT IS SO ORDERED.

Dated: <u>December 5, 2018</u>

_____
The Hon. James Donato
United States District Judge

[PROPOSED] ORDER GRANTING CONDITIONAL CERT. AND PRELIMINARY APPROVAL
CASE NO. 17-CV-03972-JD