1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAYSON HUNTSMAN, on behalf of himself and all others similarly situated, | Case No. 3:17-cv-03972-JD |
| Plaintiff, | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND FINAL JUDGMENT** |
| v. | |
| SOUTHWEST AIRLINES CO., | |
| Defendant. | |

On June 20, 2019, a hearing was held on the motion of Plaintiff Jayson Huntsman, individually and on behalf of all others similarly situated ("Plaintiff"), for final approval of the class settlement, and on the separate motions of Plaintiff and his counsel for awards of the Class Representative Service Payment and the Class Counsel Attorneys' Fees and Costs Payment. Peter Romer-Friedman, Rachel Williams Dempsey, and Thomas Jarrard appeared for Plaintiff. Brian D. Berry appeared for Defendant Southwest Airlines Co. ("Southwest").

At the hearing, the Court directed Plaintiff's counsel to file supplemental briefing to address two issues: (1) the proposed reimbursement amount for the settlement administrator's costs; and (2) the legal basis and accounting of the reimbursement requested for the named Plaintiff's hours spent in service to the class. ECF No. 55. In addition, the Court ordered Plaintiff's counsel to file a revised proposed Final Approval Order. *Id.*

On July 2, 2019, Plaintiff submitted supplemental briefing and a revised Final Approval Order. Dkt. No. 56.

The Parties have also submitted their Settlement Agreement (the "Settlement"), which this Court preliminarily approved in its December 5, 2018 order (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to submit a claim form, comment on the settlement, and/or opt out of its provisions.

In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Southwest has given the Attorney General of the United States and the appropriate state officials in the states in which the Class Members reside timely notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, including the post-hearing supplemental briefing, and the evidence and argument received by the Court at the final approval hearing on June 20, 2019, by means of this order (the "Final Approval Order"), the Court grants final approval to the Settlement and orders as follows.

**Definitions**

1.      Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

**Jurisdiction**

2.      This Court has jurisdiction over the subject matter of this litigation and all claims raised in this action and released in the Settlement, and personal jurisdiction over Southwest and all Class Members (except for Robert J. Waltz, who timely filed an opt-out request). Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**Dissemination of Notice to Class Members**

3.      Pursuant to the Preliminary Approval Order, the notice documents were sent to each Class Member by email and by first-class mail.  The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to submit a Claim Form, their right to comment on (including object to) the Settlement or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4.      The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  Notice was accomplished in the manner prescribed by the Settlement.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

**Notice to Attorneys General Pursuant to CAFA**

5.      Pursuant to CAFA, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, Southwest served upon the Attorney General of the United States and the state attorneys general officials of the states in which the Class Members

reside a notice of the Settlement consisting of the appropriate settlement notice documents. This Final Approval Order is being entered at least 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement.

6. The Court finds and determines that Southwest's notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. § 1715(e) has no application to the Settlement.

### Certification Under Fed. R. Civ. P. 23 and the FLSA

7. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in Section IV.A of the Settlement and in Section II.A of its Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

### Fairness

8. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel representing the interests of the Class Members and Southwest, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation. *Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992).

9. The Court has received and considered the objection of Brent Dennis, which was timely filed on May 6, 2019. ECF No. 51. Mr. Dennis's objection expressed his concern over

the discount for claims earlier in the class period, as well as his personal concern about harassment and retaliation against servicemembers at Southwest. The Court finds that the Plan of Allocation reasonably and fairly discounted Class Members' claims for 2001 to 2007 on the basis that Southwest's defenses as to those claims were stronger than its defenses for claims from 2008 and afterwards. In addition, the level of recovery for these claims is still substantial, particularly given that the claims are 11 to 18 years old and face a serious statute of limitations defense. To the extent that Mr. Dennis's objection concerned alleged retaliation or other hostility against servicemembers, such claims are not at issue in this action and are not released by the Class Settlement. Accordingly, Mr. Dennis's objection does not alter the Court's conclusion that the Settlement is fair, reasonable, and adequate.

10.    The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement, Section VIII.D, are fair and reasonable. The proposed plan of allocation bases each Class Member's recovery on (a) all periods of Short-Term Military Leave that are identified by the Class Member between January 1, 2001 and December 31, 2007, and (b) all periods of Short-Term Military Leave with one or more dropped trips that the Class Member took between January 1, 2008 and December 31, 2013. The plan of allocation is rational. The Court hereby gives final approval to the payments and orders those amounts be paid to the claimants out of the Net Fund Value in accordance with the terms of the Settlement. The Court also hereby gives final approval to the additional paid sick leave and orders those amounts to be added to their sick leave balances.

**Class Member Response**

11.    The Court further finds that the response of the Class Members to the Settlement supports settlement approval. Of the 1,999 Class Members and Potential Class Members, only one opted out of the Settlement, and only one objected to the Settlement.

12.    The Court hereby excludes Robert J. Waltz from the Settlement and Release on the basis of his opt-out request, which was timely provided to the Settlement Administrator on March 12, 2019, in accordance with the procedure set forth in the Class Notice.

**Late Claim Form**

13.     For good cause shown, the Court permits consideration of the late Claim Form postmarked May 23, 2019.

**Appointment of Class Representatives and Class Representative Service Awards**

14.     The Court confirms as final the appointment of Jayson Huntsman as Class Representative of the Rule 23 Class.

15.     The Court approves a $9,969.60 service award to plaintiff Huntsman based on his time spent in service to the Class.  In this case, plaintiff has submitted sufficient "evidence of the proposed awardees' involvement in the case and other justifications for the award," N.D. Cal. Procedural Guidance for Class Action Settlements, such that the Court is able to make an informed decision on this issue.  Of the 100 hours claimed by Huntsman, Dkt. No. 49-9 ¶ 10, the Court deducts 16 hours of travel time and his 24 hours of informal communications with class members.  Dkt. No. 49-9 ¶¶ 10(c), (e), (g).  The Court accepts Huntsman's proposed hourly rate of $166.16, Dkt. No. 56 at 3, and consequently grants him an award of $9,969.60.

**Appointment of Class Counsel; Attorneys' Fees and Costs**

17.     Class Counsel attest to performing substantial work on behalf of the Class Members, totaling $703,471 in lodestar as of June 6, 2019.  The Court finds the hours worked by Class Counsel to be reasonably incurred for the benefit of the Class Members.  Class Counsel's hourly rates, ranging from $250 to $290 for staff and $280 to $900 for attorneys, are reasonable in light of the market for legal services of this type and quality.  The Court confirms as final the appointment of Jahan C. Sagafi, Peter Romer-Friedman, and Rachel Williams Dempsey of Outten & Golden LLP, Matthew Z. Crotty from Crotty & Son Law Firm, PLLC, and Thomas Jarrard from Law Office of Thomas G. Jarrard, PLLC as Class Counsel for the Rule 23 Class. Class Counsel has capably and effectively represented the Class Members' interests.  The Court finds and determines that the payment of $1,500,000 in attorneys' fees and $33,761.32 in litigation costs and expenses is reasonable.  *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec.*

*Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994). This fee is approximately 26% of the total fund and 8% of Plaintiffs' estimated Settlement value, which is consistent with Ninth Circuit guidance for class action settlements. Under a lodestar cross-check, the lodestar multiplier of 2.13x supports the fee award. The Court hereby gives final approval to that amount and orders that payment be made to Class Counsel out of the Gross Fund Value in accordance with the terms of the Settlement.

### Settlement Administrator Report and Fees

18.     Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

19.     The Court finds and determines that reimbursement of Settlement Administrator costs in the amount of $54,000 is reasonable and hereby gives final approval to that amount.

### Release

20.     By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Qualified Claimants are permanently barred from prosecuting against Southwest any Claim as set forth in Section XIV of the Settlement. The Court has reviewed the release in Section XIV of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, and all other applicable law.

### Contingency on Finality

21.     If, for any reason, the Settlement ultimately does not become Final (as defined in the Settlement, Section XV), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

**Final Judgment and Dismissal**

22.     By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

23.     Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Southwest make the settlement payments in accordance with the terms of the Settlement.

24.     The Parties are hereby ordered to comply with the terms of the Settlement.

25.     This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

Dated: October 4, 2019

_____
JAMES DONATO
United States District Judge